# EXHIBIT "A"

1088010-1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2023**
E-Filing Number: 2305015964

**00685**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> CYNTHIA FELDMAN | **DEFENDANT'S NAME** <br> LABORATORY CORPORATION OF AMERICA (LABCORP) |
| **PLAINTIFF'S ADDRESS** <br> 2040 DISSTON STREET <br> PHILADELPHIA PA 19149 | **DEFENDANT'S ADDRESS** <br> 531 SOUTH SPRING STREET <br> BURLINGTON NC 27215 |
| **PLAINTIFF'S NAME** <br> STEVEN FELDMAN | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** <br> 2040 DISSTON STREET <br> PHILADELPHIA PA 19149 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [X] Jury <br> [ ] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
MAY 05 2023
G. IMPERATO

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CYNTHIA FELDMAN , STEVEN FELDMAN
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> DANIEL F. ASHTON | ADDRESS <br> MCELDREW PURTELL <br> 123 S. BROAD STREET <br> SUITE 2250 |
|---|---|
| PHONE NUMBER   (215)545-8800 | FAX NUMBER   (215)545-8805 | |
| SUPREME COURT IDENTIFICATION NO. <br> 88408 | E-MAIL ADDRESS <br> dashton@mceldrewpurtell.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> DANIEL ASHTON | DATE SUBMITTED <br> Friday, May 05, 2023, 03:10 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**McELDREW PURTELL**
Daniel F. Ashton, Esquire
Attorney I.D. #: 88408
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
dashton@mceldrewpurtell.com

*THIS IS A MAJOR JURY MATTER*

Filed and Attested by the
Office of Judicial Records
05 MAY 2023 03:10 pm
G. IMPERATO

*Attorneys for Plaintiff*

| | |
|---|---|
| **CYNTHIA FELDMAN and STEVEN FELDMAN, h/w**<br>**2040 Disston Street**<br>**Philadelphia, PA 19149**<br><br>                Plaintiffs,<br><br>vs.<br><br>**LABORATORY CORPORATION OF AMERICA ("LABCORP")**<br>**531 South Spring Street**<br>**Burlington, NC 27215**<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br>TERM, 2023<br><br>NO. |

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br>You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.<br><br>Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 230500685

| | |
|---|---|
| **McELDREW PURTELL**<br>Daniel F. Ashton, Esquire<br>Attorney I.D. #: 88408<br>123 South Broad Street, Suite 2250<br>Philadelphia, PA 19109<br>(215) 545-8800<br>dashton@mceldrewpurtell.com | *THIS IS A MAJOR JURY MATTER*<br><br><br><br><br><br>*Attorneys for Plaintiff* |

| | |
|---|---|
| **CYNTHIA FELDMAN and STEVEN FELDMAN, h/w**<br>**2040 Disston Street**<br>**Philadelphia, PA 19149**<br><br>                                Plaintiffs,<br>vs.<br><br>**LABORATORY CORPORATION OF AMERICA ("LABCORP")**<br>**531 South Spring Street**<br>**Burlington, NC 27215**<br><br>                                Defendants. | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY<br><br><br>TERM, 2023<br><br><br>NO. |

## CIVIL ACTION COMPLAINT
## 2S – PREMISES LIABILITY

1. Plaintiff, Cynthia Feldman, is a citizen of the Commonwealth of Pennsylvania, and an adult individual who resides at 2040 Disston Street, Philadelphia, PA 19149.

2. Plaintiff, Steven Feldman, is a citizen of the Commonwealth of Pennsylvania, and an adult individual who resides at 2040 Disston Street, Philadelphia, PA 19149.

3. Defendant, Laboratory Corporation of America (herein after "LabCorp") is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania, with corporate offices and a principal place of business located at 531 South Spring Street, Burlington, North Carolina 27215.

4. Defendant, Labcorp is alleged and therefore averred to be a corporation, partnership and/or other business entity, licensed to transact business in the Commonwealth of Pennsylvania,

Case ID: 230500685

and at all times relevant hereto has been regularly conducting business in the city and county of Philadelphia.

5. Defendant, John Doe, is the fictitious name, the real names being unknown, of those individuals, companies or professionals, who at all times material to Plaintiffs' cause of action were acting as the agent, servant, workmen and/or employee of Defendant, Labcorp, who was responsible for maintaining, inspecting, repairing the door.

6. "The Premises" will hereinafter be defined as the Labcorp located at 3790 Morrell Ave Ste A, Philadelphia, PA 19144 property unless otherwise specified.

7. At all times material hereto, Defendants owned, operated, maintained, controlled and/or were responsible for the Premises.

8. At all times material hereto, the Defendants acted, and/or failed to act, individually and/or collectively, by and through their duly authorized and/or ostensible, owners, agents, servants, workmen or employees within the course and scope of their employment with and/or on behalf of said Defendants.

9. All of the property, real estate, surfaces, equipment, instrumentalities, defects and/or operations involved in Plaintiff's injuries were owned and/or under the direct and exclusive control of the Defendants, individually and/or collectively, and their duly authorized and/or ostensible owners, agents, servants, workmen or employees all within the course and scope of their employment with and on behalf of said Defendant.

10. On or about April 29, 2022, and at all times material hereto, Plaintiff, age 68, was a business invitee, or otherwise lawfully on the Premises, located at 3790 Morrell Ave Ste A, Philadelphia, PA 1914, a commercial property otherwise known as Labcorp.

11. As such, the Defendants, collectively and individually, owed the highest duty to prevent injuries caused by known defects and/or those defects that would be discovered through the exercise of reasonable care.

12. The Defendants knew or should have known of the existence of the hazardous and dangerous condition(s) on the aforesaid Premises.

13. At all times relevant hereto, Defendants, acting individually and/or collectively, by and through their duly authorized and/or ostensible owners, agents, servants, workmen, and/or employees, maintained care, custody and control over the premises at issue and/or received benefit from the control of, service to, use of and/or access to same. .

14. On or about April 29, 2022, at approximately 12:20 P.M. Plaintiff was entering the premises through the front entrance to have lab work performed for a preexisting health issue when the door quickly shut on her left foot causing her to violently fall forward.

15.     This accident resulted solely from the negligence and carelessness of one or more of the Defendants, acting individually and/or collectively, by and through their duly authorized and/or ostensible agents, servants, workmen, and/or employees, and was due in no manner whatsoever due to any act and/or failure to act on the part of Plaintiff

<u>**COUNT I – NEGLIGENCE**
**PLAINTIFF, CYNTHIA FELDMAN v. ALL DEFENDANTS,**</u>

16.     Plaintiff incorporates by reference all prior paragraphs as though same were fully set forth at length.

17. At all times material hereto, Defendants owned, operated, maintained, was responsible for and/or controlled the Premises, individually and/or collectively with additional

Defendants, and therefore had a duty to maintain the aforesaid premises in a reasonably safe condition for those lawfully upon the premises.

18. The negligence, by and through its duly authorized and/or ostensible owners, agents, servants, workman and/or employees, consisted of, but is not limited to:

a.  Permitting said premises, specifically the front entrance, to become and remain defective so as to constitute a menace, danger, defect, nuisance and/or trap to persons lawfully on premises;

b.  Failing to maintain the Premises, specifically the front entrance, in a safe and reasonable condition to ensure the safety of persons lawfully on the premises;

c.  Failing to inspect the premises, specifically the front entrance, at reasonable intervals in order to determine condition of same;

d.  Failing to warn persons lawfully on the premises, of the dangerous condition existing thereon;

e.  Failing to post warning signs so as to protect and safeguard the persons lawfully on the premises from dangerous conditions existing thereon;

f.  Failing to otherwise warn persons lawfully on the premises of the dangerous condition of the premises;

g.  Failing to prevent injury to persons lawfully on the premises caused by either known or knowable defects;

h.  Disregarding the rights and safety of persons lawfully upon said premises;

i.  Failing to provide a safe premises on which persons lawfully on the premises could safely travel;

j.  Failing to inspect, maintain and/or repair the front door located on the Premises;

k. Failing to properly maintain the entrance area in a condition which would have protected and safeguarded its business invitees, one of which was Plaintiff;

l. Failing to use the ordinary care which the general public has a right to expect of commercial property owners;

m. Failing to properly supervise, train and/or instruct its employees concerning the correct method for inspecting and/or maintaining said premises;

n. Failing to adopt, implement and/or enforce policy, procedure and/or protocol to insure the proper maintenance and/or inspection of the premises, particularly the front door;

o. Being otherwise negligent in law and fact; and

p. Such other and further acts of negligence and carelessness as will be developed by future discovery in this case.

19. The negligence and carelessness of Defendants, their duly authorized and/or ostensible owners, agents, servants, workmen and/or employees, as set forth herein was the proximate and sole cause of the injuries and damages to Plaintiff and expenses incurred as set forth above.

20. As a direct and proximate result of Defendants' negligence and/or carelessness, Plaintiff has suffered injuries which are serious and permanent in nature, including but not limited to right shoulder fracture, acute respiratory failure, and septic shock.

21. As a direct and proximate result of Defendants' negligence and/or carelessness, Plaintiff has and/or will require extensive medical treatment all of which may continue indefinitely

into the future and will likely include further corrective surgery all to her personal and financial detriment.

22. As a direct and proximate result of Defendants' negligence and/or carelessness, Plaintiff has and/or may suffer a severe loss of her earnings and impairment of her earning capacity and power, all of which may continue indefinitely into the future.

23. As a direct and proximate result of Defendants', negligence and/or carelessness, Plaintiff has suffered severe physical pain and trauma, mental and emotional upset and anguish and humiliation, and continues to suffer the same for an indefinite time into the future.

24. As a direct and proximate result of Defendants', negligence and/or carelessness, Plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, all of which continues indefinitely into the future.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants their duly authorized and/or ostensible owners, agents, servants, workman and/or employees, jointly and severally with additional Defendant, in an amount in excess of **FIFTY THOUSAND ($50,000) DOLLARS** exclusive of interest and costs, plus such further relief as this Honorable Court deems just including, but not limited to, delay damages pursuant to Pa. R.C.P. 238.

## COUNT II – LOSS OF CONSORTIUM
### PLAINTIFF, STEVEN FELDMAN v. ALL DEFENDANTS

25. Plaintiff incorporates by reference all prior paragraphs as though same were fully set forth at length.

26. At the time of this event, the Plaintiffs, Cynthia and Steven Feldman were married and continue to be married.

27. As a result of the wrongful, negligent, and careless acts of the Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

28. These injuries and damages were proximately caused by the joint and several carelessness and negligence of the Defendants as set forth above and incorporated herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants their duly authorized and/or ostensible owners, agents, servants, workman and/or employees, jointly and severally with additional Defendant, in an amount in excess of **FIFTY THOUSAND ($50,000) DOLLARS** exclusive of interest and costs, plus such further relief as this Honorable Court deems just including, but not limited to, delay damages pursuant to Pa. R.C.P. 238.

**McELDREW PURTELL**

/s/ *Daniel F. Ashton*
DANIEL F. ASHTON, ESQUIRE

Case ID: 230500685

## VERIFICATION

1. I am the plaintiff in this action;

2. I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief; and

3. I understand that the statements made herein are subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsification to authorities.

_____  
CYNTHIA FELDMAN

Date: _____05/01/2023_____

_____  
STEVEN FELDMAN

Date: _____05/01/2023_____

## VERIFICATION

I, Daniel F. Ashton, Esquire, verified that he is counsel for the Plaintiff herein, that he is authorized to take this Verification on Plaintiff's behalf, and that the facts set forth in the foregoing Civil Action Complaint are true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

McELDREW PURTELL

/s/ *Daniel F. Ashton*

DANIEL F. ASHTON, ESQUIRE

Dated: May 5, 2023